Tyrone BROOKS, et al., Plaintiffs,

v.

**GEORGIA STATE BOARD
OF ELECTIONS, et
al., Defendants.**

Civ. A. No. 288–146.

United States District Court,
S.D. Georgia,
Brunswick Division.

June 25, 1990.

Laughlin McDonald, Kathleen L. Wilde, Neil Bradley, Atlanta, Ga., J. Gerald Hebert, Dept. of Justice, Civil Rights Div., Washington, D.C., for plaintiffs.

David Frank Walbert, Walbert & Herman, Atlanta, Ga., for defendants.

Edmund Booth, pro se.

Before KRAVITCH, Circuit Judge, EDENFIELD, Chief District Judge, and BOWEN, District Judge.

### ORDER

Pursuant to Fed.R.Civ.P. 60(a), the court, of its own initiative, corrects its Order of May 29, 1990, to add language that was inadvertently omitted.

Fed.R.Civ.P. 60(a) provides:

(a) **Clerical Mistakes.** Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

In accordance with the above rule, the court orders that the clause, "Provided that the State files a declaratory judgment action within 90 days," precede the language on page 2 of the Order of May 29 that reads "Incumbents whose terms end in 1990 may continue to serve in unprecleared judgeships until one of the following events occurs: ...." Thus, the Order will read: "Provided that the State files a declaratory judgment action within 90 days, incumbents whose terms end in 1990 may continue to serve in unprecleared judgeships until one of the following events occurs: ...."

Because the above language was omitted from the May 29 Order, the 90 days shall run from the date this Order is filed.

BOWEN, District Judge, dissenting.

It is my view that the business of this court is to resolve disputes and to accord appropriate relief in the cases which arise before us. It is not our proper function to condition an order upon the filing of another lawsuit in another court.

The filing of a lawsuit or an appeal is a matter of strategy best left to the unfettered judgment of the parties. Such a decision should not be mandated by the court through the imposition of conditions; especially one which, at best, leaves a party little choice.